


# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>**Donghun Lee,**<br><br><br>Debtor. | Case No.: LA08-27937SB<br><br>Chapter 7<br><br>**OPINION ON SANCTIONS ON COUNSEL**<br><br>Date: March 4, 2009<br>Time: 11:00 a.m.<br>Ctrm: 1575 |

### I. Introduction

Counsel in this matter knowingly allowed a relief from stay motion to go to trial in this case on the evidence that movant owned the underlying promissory note without (a) informing the court that movant had sold the underlying promissory note to a party not before the court, and (b) that, contrary to the evidence submitted, the copy of the note filed with the motion was not a true and correct copy. Pursuant to the court's order to show cause, the court imposes sanctions based on its finding that this conduct violates Rule 9011.[1]

### II. Relevant Facts

More than a year before the filing of this chapter 7 case, HSBC Mortgage Corp. (USA) made a loan to debtor Donghun Lee secured by a deed of trust on Lee's residence in

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C.A. §§ 101-1532 (West 2008) and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036.

1

Cerritos, California.[2]  HSBC is the original payee on the note.

At the time that the loan was made, the deed of trust named MERS, "a separate corporation acting solely as a nominee for Lender and Lender's successors and assigns," as the beneficiary under the deed of trust.[3] Prior to the filing of this case, MERS transferred the deed of trust to HSBC. Thus, MERS no longer has an interest in this transaction.

At some time before this case was filed, HSBC sold the original note to Freddie Mac. There is no evidence whether Freddie Mac still owns the note or if it has sold the note to someone else. However, at that time Freddie Mac was known to be in the business of securitization of mortgages: thus it most likely sold the original note to a trust which was subsequently securitized.

The current owner of the note has not joined in the motion and is not before the court. Indeed, HSBC does not even know who the current owner is. However, HSBC still has possession of the original note.

The original note has an indorsement signed by HSBC that states, "Pay to the order of _____ without recourse." However, the copy of the note attached to the motion for relief from stay omits this indorsement. HSBC continues to service the original note, collects the payments from the borrower, and remits them to Freddie Mac.

After this case was filed, HSBC filed a motion for relief from stay in order to proceed with prepetition foreclosure proceedings that were stayed by the filing of the bankruptcy case. The motion included a declaration under penalty of perjury from Kimberly Graves, vice president and "bankruptcy/foreclosure manager" of HSBC, providing factual background for the motion.

---

[2] The property is also encumbered by a second note and deed of trust, which are not relevant to this proceeding.

[3] The court assumes without deciding that MERS was a duly appointed agent of HSBC with respect to the deed of trust. No evidence on this issue has been presented to the court. In light of the subsequent transfer of the deed of trust to HSBC, this appears not to be an issue in this case.

The declaration attached a copy of the note and deed of trust which Ms. Graves falsely stated was "true and correct." The declaration also falsely stated that HSBC was the owner of the note, even though it had previously sold the note. The motion did not disclose the sale of the note or the indorsement thereon.

Thomas J. Holthus and Ja Vonne M. Phillips ("Counsel") of McCarthy and Holthus, LLP ("the Firm") filed and prosecuted the motion on behalf of HSBC. Ja Vonne Phillips signed the motion on behalf of the firm.

Pursuant to Local Rule 9013-1(a)(13)(A), the court issued an order requiring that HSBC bring to court each declarant for whom a declaration was submitted in support of its motion, for the purpose of presenting testimony to support the motion. Ms. Graves testified at trial and brought the original note to court.

Upon review of the original note at trial, the court noticed the blank indorsement on the original note, which was not included in the copy attached to the moving papers. Upon calling this discrepancy to the attention of Mr. Holthus, he questioned Ms. Graves about the discrepancy. Ms. Graves testified that the note attached to the motion reflected the note when it was scanned into the HSBC computer system at the closing of the loan transaction, and the indorsement was added at a later time.

Ms. Graves further testified that the indorsement was placed on the note when HSBC sold the note to Freddie Mac. She testified that HSBC had no knowledge of who currently owns the note, but that HSBC continues to collect the payments on the note.

Mr. Holthus stated on the record that he knew that HSBC had sold the note. Counsel also related that it was "very much familiar" with the court's past decisions, including *In re Hwang*, 396 B.R. 757 (Bankr. C.D. Cal. 2008) and *In re Vargas*, 396 B.R. 511 (Bankr. C.D. Cal. 2008), but did not agree with the decisions. Notwithstanding these statements, neither HSBC nor Counsel have submitted or advocated any nonfrivolous arguments for extension, modification or reversal of existing law as stated in these opinions.

Ms. Graves also testified as to HSBC's computer records of payments on the note by the debtor. Pursuant to *In re Vinhnee*, 336 B.R. 437 (B.A.P. 9th Cir. 2005), the court

found that Ms. Graves was not competent to testify regarding the accuracy of the payment records and denied admission of this evidence.

At the conclusion of the testimony, the court denied the motion for relief from stay on three grounds. First, HSBC was not the real party in interest pursuant to *Hwang*. Second, the joinder of the owner of the promissory note is required by *Hwang*. Third, HSBC, the Firm, and Counsel did not disclose in the moving papers that the original note had been sold; therefore, the presentation of false evidence supported the denial of the motion.

### III. Order to Show Cause

After the hearing, the court issued its order to show cause re sanctions based on the following:

(1) The Graves declaration falsely states that HSBC is the owner of the original note.

(2) The Graves declaration falsely states that the note attached to the motion is a true and correct copy of the original note.

(3) The owner of the original note is not a party to the motion, and HSBC does not know the identity of the owner of the original note.

(4) Counsel knew or should have known that HSBC was not the owner of the original note. Counsel failed to disclose this fact in the moving papers or in any presentation to the court.

(5) Counsel knew, or should have known, that the copy of the note attached to the moving papers was not a true and correct copy of the promissory note. Counsel failed to disclose this information in either the moving papers or in the presentation to the court. The court only discovered the discrepancy when given the opportunity to examine the original note at trial.

(6) Counsel stated in oral argument that they were familiar with this court's Hwang decision and disagreed with it. While Rule 9011(b)(2) permits counsel to make a nonfrivolous argument for the extension, modification or reversal of existing law, nothing in the motion indicates that Counsel raised this issue.

### IV. Discussion

The issues raised in the order to show cause generally fall into four categories: (a) the falsity of the evidence that the bank owned the note, and that it had attached a true and correct copy; (b) the failure to join the real owner of the note as a party to the motion; (c) Counsel's knowledge of the falsity of the evidence; and (d) the failure to address the *Hwang* case law.

### A. False Statements of Fact

The declaration filed by HSBC contained two important statements of fact relevant to this order to show cause. First, the declaration stated that HSBC was the owner of the note. Second, it stated that a true and correct copy of the note was attached. Both of these statements were false.

#### 1. HSBC Ownership of Note

The *Hwang* opinion, issued by this court on October 29, 2008, holds that the owner of a promissory note must join in a motion for relief from the automatic stay. Although this opinion was fairly new at the time the motion in this case was filed, Counsel admitted familiarity with the opinion at the time that the underlying motion was filed.

HSBC attempted to avoid the *Hwang* requirements by hiding the fact that it had sold the note before the motion was made. HSBC concealed this fact by filing a declaration by its vice president Ms. Graves, in which she falsely stated HSBC was the owner of the note at the time of the filing of the motion when it had sold the note to Freddie Mac.

Freddie Mac was not in the business of keeping such notes. At the time HSBC sold Freddie Mac the note, Freddie Mac was in the business of selling notes of this type in securitization transactions. Nobody before the court knows if Freddie Mac sold the note here at issue.

Furthermore, no evidence has been presented to the court showing that HSBC is authorized to collect payments under the note. HSBC admits its only authority for collecting payments is to act on behalf of the owner of the note. No evidence of such authorization has been offered. In addition, HSBC gives no

3

explanation as to how it can be authorized to collect such payments on behalf of an owner whose identity is unknown. The record is altogether silent on whether a document exists from the present owner of the note appointing HSBC as an agent to collect on the note. Therefore, the court fails to perceive how HSBC can be authorized to act on behalf of a principal.

Respondents argue that HSBC is the appropriate party to bring a motion for relief from stay because HSBC is the holder of the original note, has possession of the original note and has the right to collect payments on it. This argument directly contradicts this court's *Hwang* opinion. However, Counsel did not submit any argument disagreeing with the relevant established law in *Hwang*. In addition, respondents misstated in their moving papers that HSBC was the owner of the original note. Thus, the court finds that HSBC and Counsel failed to comply with applicable case law in this court.

Counsel stated that he first learned on the night before the trial that HSBC had sold the note. Upon learning that the evidence of the ownership of the note was false, Counsel had a duty under Rule 9011 to disclose the sale to the court at the earliest opportunity. This opportunity arrived the next morning when the court called the case for trial. At that time, Counsel should have immediately informed the court of the error in the evidence and apologized for the error. He did not.

While the statement that HSBC owned the note may have been a negligent mistake, Mr. Holthus' failure to inform the court thereof and his proceeding with trial while the court had an erroneous impression of the evidence constituted misconduct.

### 2. True and Correct Copy of the Note

The second false statement of fact is that a true and correct copy of the note was attached to the motion. The missing part of the note was the indorsement. An indorsement can be a critical addition to a note because it may indicate that the note has been negotiated to another entity, which has the sole authority to enforce the note.

"Negotiation", a term defined in section 3201 of the California Commercial Code (West 2009) ("CCC") (copied from section 3-201 of the Uniform Commercial Code ("UCC")),[4] is the process of transferring the ownership of a note to gain and preserve certain benefits not otherwise available to a transferee of contract rights. Such a transferee may enjoy the status of "holder in due course", as specified in § 3201 of the CCC (and § 3-302 of the UCC), which exempts the transferee (and any subsequent holder in due course) from virtually all defenses assertable by the debtor against the original payee. See CCC § 3305: UCC § 3-305.

The CCC (and the UCC) provide for two types of indorsements, a "special indorsement" and a "blank indorsement."[5] A special indorsement is made by the holder of a note and specifies a person to whom the instrument is payable. Upon delivery of the note to the new payee, that payee becomes the new owner and a holder in due course. *See* CCC § 3305 (West 2009); UCC § 3-205(a).

Alternatively, if the indorsement does not specify a payee, it constitutes a "blank indorsement," as defined in CCC § 3205(b) (UCC § 3-205(b)), which makes the note payable to whoever is the bearer of the note.[6] After a blank indorsement, the note may be negotiated by transfer of possession alone until it is specially indorsed. *See id.*

---

[4] Section 3201 and 3-201 provide in identical language:

> (a) "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder. (b) . . . if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone.

[5] Not relevant herein, the UCC also provides for an "anomalous indorsement," an indorsement by a person who is not the holder of the instrument. *See id* § 3-205.

[6] In this respect, a bearer note is much like a dollar bill (or any other currency).

4

In this case, the conversion of the note to a bearer note, standing alone, is of no particular importance, because HSBC still had possession of the note and presented it for inspection at trial.[7] However, Ms. Graves testified that the indorsement indicated that HSBC had sold the note, and was added at the time of the sale. This testimony was the first indication to the court that HSBC no longer owned the note. Thus, the missing indorsement was tied to the undisclosed sale of the note.

**B. Real Owner Not Joined**

Only the holder of an instrument (such as a promissory note) is entitled to enforce an instrument (with exceptions not relevant herein). See CCC § 3301; UCC § 3-301. A person or entity in possession of an instrument is the holder of the instrument, if the instrument is payable to that person or entity. *In re Hwang*, 396 B.R. at 763; *In re Vargas*, 396 B.R. at 520. An instrument is payable to the bearer (the person in possession) if it does not state a payee (*i.e.*, it is indorsed in blank). See CCC § 3309(a)(2); UCC § 3-109(a)(2). In this case, HSBC has possession of the original note in question, and it is indorsed in blank.

However, HSBC has admitted that it sold the note to Freddie Mac. Freddie Mac, or a subsequent transferee, is thus the owner and real party in interest. *Cf. Hwang*, 396 B.R. at 764 (same).

**C. Compliance with Rule 9011**

Rule 9011(b) imposes a duty on an attorney to make a reasonable inquiry into the facts and law of a position before presenting it to the court.[8] Filing a document with the court constitutes a certification by the attorney that the attorney has made a reasonable inquiry, upon which the attorney certifies (to the best of the attorney's knowledge, information and belief) that "the allegations and other factual

---

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . .
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . .
>
> (3) the allegations and other factual contentions have evidentiary support . . .

Rule 9011 is reinforced by Rule 5-200 of the California Rules of Professional Conduct, which are applicable in this court pursuant to Local Rule 83-3.1.2 of the district court. Rule 5-200 provides in relevant part:

> In presenting a matter to a tribunal, a member:
>
> (A) Shall employ, for the purpose of maintaining the causes confided to the member such means only as are consistent with the truth;
>
> (B) shall not seek to mislead the judge . . . by an artifice or false statement of act or law . . . .

Counsel is required to comply with this rule as well as all of the rules of the California Rules of Professional Conduct. However, the court does not impose discipline in this case based on a violation of Rule 5-200 because Counsel was not put on notice through the order to show cause that this rule may provide a basis for sanctions.

---

[7] The court did not make the original note an exhibit at trial because possession of the original is required for its enforcement. If the note went into the trial exhibits, the owner of the note would not be able to produce it for enforcement purposes.

[8] Rule 9011 provides in relevant part:

(b) Representations to the court

contentions have evidentiary support . . . ."[9] See also *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986); *Commonwealth Corp. v. Citizens Bank (In re Commonwealth Corp.)*, 236 B.R. 530, 536 (D. Mass. 1999).

Counsel submitted a note lacking information vital to the court's determination of the case. Counsel's acts in violation of Rule 9011(b)(3) were intentional and knowing. Mr. Holthus admitted in his subsequent declaration that he became aware the night before the hearing on January 6, 2009, of the inconsistencies between the note submitted with the Motion and the original note produced by Graves. Nonetheless, Counsel failed to disclose this to the court.

The purpose of Rule 9011 is to deter unsubstantiated filings that waste time and resources. *Valley Nat'l Bank, v. Needler (In re Grantham Bros.)*, 922 F.2d 1438, 1441 (9th Cir. 1991); *Golden Eagle Distrib. Corp.*, 801 F.2d at 1536 *Nosek v. Ameriquest Mortgage Co. (In re Nosek)*, 386 B.R. 374, 381 (Bankr. D.Mass. 2008).

Counsel should have examined the note before making the motion, to assure that the submission was a true and correct copy. Counsel did not discharge this responsibility.

Even if Counsel may be excused for not discovering the discrepancy, Counsel had a duty, upon discovering the difference in the original note, to bring this to the court's attention at the first opportunity. Counsel could have brought this to the court's attention at the beginning of the trial, before testimony was taken. Counsel did not. Instead, Counsel left it to the court to discover that the copy differed from the original in a relevant respect. Counsel should have known of the discrepancy and should have disclosed it.

**D. Failure to Address *In re Hwang***

---

[9] Alternatively, Counsel may take the position that the factual contentions are likely to have evidentiary support after further investigation or discovery, provided that such factual contentions are clearly identified. This alternative is not available in this case, because no factual contentions are so identified.

The underlying motion for relief from stay is governed by this court's decision in *In re Hwang*, 396 B.R. 757 (Bankr. C.D. Cal. 2008), which held that the owner of a promissory note must join in a motion for relief from stay to proceed under California law with nonjudicial enforcement of the note and foreclosure on the accompanying deed of trust. Neither Freddie Mac, to whom HSBC sold the note, nor any subsequent purchaser of the note has joined in this motion.

The court found in *Hwang* that, when a transferor of a promissory note has retained possession, the owner is the real party in interest and must join in a motion for relief from stay. *See id.*, 396 B.R. at 762.

A position contrary to existing law may be taken if a good faith argument is made for the extension, modification, or reversal of existing law. See Rule 9011(b)(2); *Commonwealth Corp.*, 236 B.R. at 536; *Golden Eagle Distrib. Corp.*, 801 F.2d at 1536. Instead of confronting the issue, Counsel made no effort to distinguish or challenge the *Hwang* and *Vargas* holdings.

**E. Sanctions**

Mr. Holthus has requested that any sanctions be imposed on him only, and not on the client. In this case, the court considers this result appropriate. Although the client provided the false declaration, Counsel had the responsibility to assure that the client was properly informed of the applicable legal requirements and to check the accuracy of the declaration (including the representation that HSBC was the owner of the note) and of the copy of the note.

Sanctions imposed by the court must be reasonable in the circumstances. *See, e.g., In re Brooks-Hamilton*, 400 B.R. 238, 252 (B.A.P. 9th Cir. 2009). In addition, sanctions should be sufficient to prove as a deterrence to others to prevent similar future behavior. *See* Rule 9011(c)(2).

A determination of the proper level of sanctions requires the review of four factors: (1) whether the duty violated was to a client, the public, the legal system or the profession; (2) whether the lawyer acted intentionally, knowingly or negligently; (3) whether the lawyer's misconduct caused a serious or potential serious injury; and (4) whether

aggravating factors or mitigating circumstances exist. See *Brooks-Hamilton*, 400 B.R. at 252.

In this case, Counsel used a false statement of fact in an attempt to mislead the court into making a ruling in the client's favor, when Counsel knew the true facts did not support such a ruling absent the joinder of the true owner of the note at issue. Counsel also relied on the declaration, knowing it was false, which stated that the promissory note was a true and correct copy of the original.

At the outset, Counsel's conduct in filing an inaccurate copy of the note and in not disclosing the client's sale of the note may have been merely negligent. However, it became intentional when Counsel failed to disclose the true facts after learning them.

But for the intervention of the court upon examining the original promissory note, Counsel's conduct could have caused serious injury to the debtor. Without this information, the court would have granted the relief from stay requested, which likely would have led to a foreclosure on the deed of trust and a deprivation of the debtor's property by a party with no interest in the note.

Mitigating circumstances that call for a decrease in the level of discipline, may include the consideration lack of prior discipline, personal or emotional problems, lack of experience, or a good faith effort to correct the situation. *Brooks-Hamilton*, 400 B.R. at 253. Counsel has appeared in this court frequently over a course of some twenty years. Counsel represents that he has never been disciplined, and the State Bar website discloses no disciplinary record. Indeed, Counsel's reputation in this court has been exemplary. The court finds this a substantial ground for imposing a minimal level of sanctions in this case.

Considering all of the foregoing factors, the court limits sanctions in this case to the publication of this opinion and imposes no further sanctions.

### V. Conclusion

The court finds that Counsel tried to deceive the court because, after learning that the client HSBC had submitted false evidence stating that it owned the note when it had sold it to Freddie Mac for securitization, Counsel failed to inform the court promptly of the false evidence and proceeded with trial without making disclosure. While the original submission of the false evidence may have been an inadvertent mistake, the failure to inform the court promptly thereof after discovery, and proceeding to trial without disclosing the false evidence, was sanctionable conduct.

Publication of this opinion constitutes the sanctions imposed by the court for this misconduct.

Dated: June 26, 2009

_____
Hon. Samuel L. Bufford
United States Bankruptcy Judge

**NOTE TO USERS OF THIS FORM:**

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **OPINION ON SANCTIONS ON COUNSEL** was entered on the date indicated as AEntered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** B Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of June 26, 2009, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Young K. Chang, Esq.          bklaw3@yahoo.com
Thomas J. Holthus, Esq.       bknotice@mccarthyholthus.com
Carolyn A. Dye, Trustee       trustee@cadye.com
United States Trustee         ustpregion16.la.ecf@usdoj.gov

☐   Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Donghun Lee
   *dba* 4 idream *dba* Fresia
800 West 1st Street
#907
Los Angeles, California 90012

☐   Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an AEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an AEntered@ stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐   Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION** (if needed):